**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0777-22

KATHLEEN SERVIS, f/k/a
HALAKA,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

GAMAL HALAKA,

      Defendant-Respondent/
      Cross-Appellant.

_____

Submitted March 18, 2024 – Decided August 21, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0128-07.

Pellettieri Rabstein & Altman, attorneys for appellant/ cross-respondent (John A. Hartmann, III, of counsel and on the briefs; Nicole J. Huckerby, on the briefs).

Kozyra & Hartz, LLC, attorneys for respondent/cross-appellant (Judith A. Hartz, of counsel and on the brief; Ronald J. Herman, on the brief).

PER CURIAM

In this post judgment matrimonial matter, plaintiff Kathleen Servis f/k/a Kathleen Halaka appeals a September 30, 2022 order terminating her alimony and denying counsel fees. Defendant Gamal Halaka cross-appeals from the same order, arguing the trial court erred in not terminating alimony effective as of his retirement date of September 30, 2022 and denying counsel fees. After a careful review of the record, and in light of the prevailing legal standards, we affirm the challenged order substantially for the reasons expressed in Judge William G. Mennen's well-reasoned and comprehensive opinions.

I.

The parties are fully familiar with the procedural history and facts of this case and only the salient facts re set forth herein. We need not reiterate the facts and procedural history and instead rely upon Judge Mennen's factual findings, which are incorporated herein by reference.

The parties were married in March 1987 and have two children. Defendant was initially employed as a physical therapist with a medical group. Plaintiff has an associate's degree and earned $18,000. In 1990, defendant started his own physical therapy practice. Shortly thereafter, plaintiff became a stay-at-home mother.

2

A Final Judgment of Divorce (FJOD) was entered on March 9, 2009. Plaintiff was awarded $82,642 from the sale of the marital home, $110,000 from defendant's SEP-IRA, and $30,000 as her share of defendant's business. Defendant was ordered to pay $4,583.33 per month in permanent alimony to plaintiff and $40,000 in counsel fees.

Defendant appealed the portion of the FJOD that awarded plaintiff permanent alimony and counsel fees and obligated him to pay a greater share of the marital debt. We reversed the alimony award and remanded for reconsideration of alimony but affirmed the FJOD in all other aspects. Halaka v. Halaka, No. A-3619-08 (App. Div. May 10, 2010) (slip op. at 1). Thereafter, an amended FJOD was entered on May 31, 2013, which reduced defendant's permanent alimony obligation to $2,606 per month effective June 16, 2010. From 2009 through September 2022, defendant paid plaintiff more than $415,000 in alimony.

Defendant was previously diagnosed with carpal tunnel syndrome and osteoarthritis in his hands. According to defendant, he experienced pain in his wrist and finger joints, especially after providing physical therapy to his patients. At the time of his application, defendant experienced cramping and pain with daily activities. Defendant argues that because of his declining health

and having reached full retirement age as of July 15, 2021, he closed his business and retired with full social security benefits.

In a June 15, 2022 letter, defendant notified plaintiff that he intended to retire by the end of September 2022 and requested that plaintiff sign a consent order terminating his alimony obligation following his retirement. Plaintiff refused to sign the proposed consent order but expressed interest in reaching a resolution without court intervention. The parties then exchanged three years of tax returns and their case information statements (CISs). Plaintiff requested additional financial documents regarding defendant's business but none were provided.

After failing to reach an amicable resolution, defendant moved to terminate alimony based on his September 30, 2022 retirement and sought an award of counsel fees. In his moving certification, defendant asserted that the sole source of income after the closure of his practice was his $3,122 per month Social Security benefit. Excluding his alimony obligation, defendant's Schedule A, B, and C expenses totaled $7,014. He had two assets: a SEP-IRA, which was distributed at the time of divorce and $518,000 in a brokerage account. Defendant had only $200,000 in assets after subtracting the value of the brokerage account and excluding the SEP-IRA from the ability to pay alimony

4

calculation.  Defendant also had considerable debt in the amount of a $280,000 Small Business Administration loan and $34,000 in credit card debt.

In response, plaintiff cross-moved, seeking a denial of defendant's motion or, in the alternative, discovery, a plenary hearing, and an award of counsel fees. Plaintiff certified that she received $3,117 per month in alimony, $1,720 per month from her employment at a car dealership, $1,007.80 per month from Social Security spouse benefits, and $140.10 per month from an annuity. Plaintiff also received $250 per month from her son who lived with her. Plaintiff's monthly Schedule A, B, and C expenses totaled $5,424.00 per month. Plaintiff had approximately $23,000 in a brokerage account and two bank accounts that totaled $11,000.

Following oral argument, Judge Mennen rendered an oral opinion and issued a supplemental statement of reasons on September 30, 2022, granting defendant's motion to terminate plaintiff's alimony.  In finding that defendant established a "good faith retirement," the judge ordered the termination of defendant's alimony obligation with an eight-month step-down: effective November 1, 2022, plaintiff's alimony was reduced to $1,500; effective February 23, 2023, plaintiff's alimony was reduced to $750 per month; and effective June 1, 2023, plaintiff's alimony was terminated.

A-0777-22

In his comprehensive opinions, Judge Mennen addressed each of the factors set forth in N.J.S.A. 2A:34-23(j)(3). He also reviewed plaintiff's ability to have adequately saved for retirement, found that the financial responsibilities associated with the parties' children were addressed in the amended FJOD, and noted the marital assets distributed to plaintiff. Judge Mennen then determined defendant's retirement was a "significant change in circumstances" warranting a modification, ultimately terminating "in accordance with the step-down approach."

In considering plaintiff's cross-motion, Judge Mennen concluded there were no genuine issues of material facts to be resolved by a plenary hearing. The judge reasoned that the conflicting certifications of the parties were "conclusory," "not factual," and "largely contested [d]efendant's conclusions of law."

## II.

On appeal, plaintiff raises three arguments. First, the judge erred in terminating defendant's alimony obligation because he failed to meet his burden of proof by a preponderance of the evidence. Second, the judge erred in not conducting a plenary hearing. Lastly, the judge erred in not awarding counsel fees.

6

In his cross-appeal, defendant contends that the trial judge erred by not terminating his retirement on September 30, 2022, the effective date of his retirement. Defendant further contends that the judge erred by not awarding counsel fees.

Our review of a Family Part judge's findings is limited. We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229, (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Under that deferential standard of review, we are bound to uphold a finding that is supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "We will reverse only if we find the [court] clearly abused [its] discretion." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012).

We apply that deference to a Family Part judge's decision regarding a motion to amend a marital-support obligation. Cardali v. Cardali, 255 N.J. 85, 107 (2023); see also Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) ("Whether [a support] obligation should be modified . . . rests within a Family Part judge's sound discretion."). Thus, a Family Part judge's decision regarding a support obligation should not be disturbed unless "the court made findings inconsistent with the evidence or unsupported by the record, or erred as a matter

of law." Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013). We review questions of law de novo. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020).

An alimony order establishes only the present support obligation and is "always subject to review and modification on a showing of 'changed circumstances.'" Cardali, 255 N.J. at 93 (quoting Lepis v. Lepis, 83 N.J. 139, 146 (1980)); Crews v. Crews, 164 N.J. 11, 28 (2000). An alimony order "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23; Amzler, 463 N.J. Super. at 197.

Pursuant to Crews, the judge undertakes a two-step inquiry when a party moves for the reduction or termination of alimony. 164 N.J at 28. The judge must first determine whether the moving party has made a prima facie showing of changed circumstances. R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014); Cardali, 255 N.J. at 101. The moving party must demonstrate a change in circumstances from those existing when the prior support award was fixed. Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990); see also Donnelly v. Donnelly, 405 N.J. Super. 117, 127-29 (App. Div. 2009).

The second step requires that "the party seeking modification of an alimony award 'must demonstrate that changed circumstances have substantially

impaired the [movant's] ability to support himself or herself.'" Crews, 164 N.J. at 28 (quoting Lepis, 83 N.J. at 157). "[T]he ability to support oneself must be understood to mean the ability to maintain a standard of living reasonably comparable to the standard enjoyed during the marriage." Ibid.

## A.

After a review of the record and the applicable governing principes, we conclude plaintiff's arguments lack merit. We are satisfied the judge did not abuse his discretion in finding defendant had established a change in circumstances based on his good faith retirement. We therefore affirm the order substantially for the reasons expressed in the cogent opinions. We add the following brief comments regarding plaintiff's contention concerning discovery and the plenary hearing.

We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion, or its determination is based on a mistaken understanding of the applicable law." Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (quoting Rivers v. LSC Partnership, 378 N.J. Super. 68, 80 (App. Div. 2005).

After a party seeking an alimony modification has made a prima facie showing, "a court may order discovery and hold a hearing to determine the

supporting spouse's ability to pay." Miller v. Miller, 160 N.J. 408, 420 (1999). "Although equity demands that spouses be afforded an opportunity to seek modification, the opportunity need not include a hearing when the material facts are not in genuine dispute." Lepis, 83 N.J. at 159. However, when a party has "clearly demonstrate[d] the existence of a genuine issue as to a material fact," a hearing is necessary. Ibid. Applying that well-settled standard, we discern no abuse of discretion in any of the judge's rulings relating to discovery and the plenary hearing. Plaintiff's opposing certification did not present any genuine issues of material fact. Moreover, plaintiff did not refute defendant's medical diagnosis. Therefore, the judge correctly found that discovery would not have been helpful, would have served to "erode the parties' limited resources," and that there was no factual dispute regarding the basis for defendant's retirement.

B.

We now turn to defendant's contention that the judge erred in not terminating his alimony obligation on the effective date of his retirement, September 30, 2022. As noted above, we have no cause to disturb the court's ruling that defendant established a change in circumstances supporting the termination of alimony. We add the following brief comments.

10

Defendant contends the judge erred in ordering a step-down approach to the termination of alimony because plaintiff had notice of defendant's intention to retire as of June 15, 2022, and the judge's findings regarding the parties' reasonable expectations about defendant's retirement supported an immediate termination. Contrary to defendant's contentions, the record supports the trial judge's decision to implement a step-down approach before ultimately terminating alimony. Here, the judge's decision to add a step-down provision was based on the presumption that it would have been a "shock to the system" for plaintiff's alimony to be abruptly terminated. Consequently, a "soft landing" was required. Based on the record, the judge appropriately ordered a two-step modification of alimony before plaintiff's alimony was terminated. We, therefore, perceive no abuse of discretion in the judge's determination.

III.

Both parties argue the judge erred in not awarding counsel fees. Plaintiff claims the judge erred in determining the parties' financials were in "parity" because defendant's CIS showed that he was in a better financial position. In contrast, defendant argues plaintiff's application was made in bad faith because she expected defendant to continue to work or deplete his assets, as found by the judge. We are not persuaded by the parties' arguments.

11

An award "of counsel fees is discretionary, and will not be reversed except upon a showing of an abuse of discretion." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (citing Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). Rule 5:3-5(c) lists nine factors the court must consider when deciding to award fees. In the opinion, Judge Mennen analyzed Rule 5:3-5(c) and Rules of Professional Conduct 1.5(a) in assessing the reasonableness of each party's position and clearly stated "factual findings and correlate[d] them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570 (1980); see R. 1:7-4(a). Thus, we are satisfied the record supports the judge's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0777-22